# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19cr4380-MMA |
|---|---|
| Plaintiff, | **PRELIMINARY ORDER OF CRIMINAL FORFEITURE** |
| v. | |
| MICKEY A. CARMO, | |
| Defendant. | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of Defendant MICKEY A. CARMO ("Defendant") of all property that constituted visual depictions as described in 18 U.S.C. § 2252, all property constituting proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense set forth in the one-count Information which charged a violation of 18 U.S.C. § 2252(a)(4)(B), and forfeitable pursuant to 18 U.S.C. § 2253, as charged in the Information; and

WHEREAS, on or about November 19, 2019, Defendant pleaded guilty before U.S. Magistrate Judge Michael S. Berg to the Information, which plea included consent to the forfeiture of all visual depictions as described in § 2252, all property constituting proceeds of the offense, and all property used or intended to be used to commit or to promote the commission, including forfeiture of the following:

//

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant has pled guilty, including:

1. One Toshiba L855-S5113 laptop computer, SN 1D312101Q, with Toshiba MQ01ABD064 hard drive, SN X2J6F1KES; and

2. One Dell Inspirion 530 Desktop computer, SN 6G8T3G1, with Western Digital hard drive SN WCAS86853500; and

WHEREAS, on December 6, 2019 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense and the Court hereby orders the forfeiture to the United States of the described forfeited properties pursuant to Title 18, United States Code, Section 2253; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant MICKEY A. CARMO in the following properties are hereby

1  forfeited to the United States for disposition in accordance with the law, subject to
2  the provisions of 21 U.S.C. § 853(n):
3      (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and
4
5      (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses has pled guilty, including:
6
7          1.    One Toshiba L855-S5113 laptop computer, SN 1D312101Q, with Toshiba MQ01ABD064 hard drive, SN X2J6F1KES; and
8
9          2.    One Dell Inspirion 530 Desktop computer, SN 6G8T3G1, with Western Digital hard drive SN WCAS86853500..
10      2.    The aforementioned forfeited assets are to be held by U.S. Homeland
11  Security Investigations in its secure custody and control.
12      3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized
13  to begin proceedings consistent with any statutory requirements pertaining to
14  ancillary hearings and rights of third parties.  The Court shall conduct ancillary
15  proceedings as the Court deems appropriate only upon the receipt of timely third
16  party petitions filed with the Court and served upon the United States.  The Court
17  may determine any petition without the need for further hearings upon the receipt of
18  the Government's response to any petition.  The Court may enter an amended order
19  without further notice to the parties.
20      4.    Pursuant to the Attorney General's authority under Section 853(n)(1) of
21  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
22  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
23  the United States forthwith shall publish for thirty (30) consecutive days on the
24  Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
25  the United States' intent to dispose of the properties in such manner as the Attorney
26  General may direct, and notice that any person, other than the Defendant, having or
27  claiming a legal interest in the above-listed forfeited properties must file a petition
28  //

with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6.  The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.  Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.  Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED**.

DATED: May 7, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge